```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**BRANDON MARKER,**

    Movant

v.                                                            CIVIL ACTION NO. 2:08-0292
                                                                   (Criminal No. 2:02-00084-01)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is movant's letter to the court dated May 1, 2008, construed by the United States Magistrate Judge as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Movant seeks the modification of his term of imprisonment. Movant's sentence was imposed following his guilty plea to a two-count indictment alleging he (1) aided and abetted the possession with intent to distribute cocaine (Count One), and (2) used and carried a firearm during a drug trafficking offense (Count Two). Movant was sentenced to 71 months imprisonment on Count One, based upon a United States Sentencing Guideline range of 57-71 months. On Count Two, movant received the statutory mandatory minimum sentence of five years to run consecutively to the sentence imposed on Count One.

The movant's direct appeal, decided July 31, 2003, was unsuccessful. On October 27, 2004, movant sought relief pursuant to section 2255. After receiving the February 7, 2006, proposed findings and recommendation of the United States Magistrate Judge, the court, on June 26, 2006, entered its Judgment and accompanying memorandum opinion and order denying movant's section 2255 motion. Movant did not appeal the June 26, 2006, Judgment, nor did he move in proximity for its reconsideration or modification. It appears, however, that the Judgment and accompanying memorandum opinion and order were sent to his counsel during the earlier appeal and not defendant personally.

The next docket entry in the case following the June 26, 2006, Judgment is the instant May 1, 2008, letter from movant. In another letter, received May 2, 2008, movant requested the status of his October 27, 2004, section 2255 motion, stating that as a result of being transferred, "the last document . . . [he] received was the [February 7, 2006] Report and Recommendation made by the magistrate judge." (Ltr. at 1 (Apr. 23, 2008)). On May 5, 2008, the Clerk advised the movant in writing that his October 27, 2004, section 2255 motion had been denied, appending a copy of the June 26, 2006, Judgment and its accompanying memorandum opinion and order.

The May 1, 2008, letter was treated as a section 2255 motion by the Clerk and referred by standing order to the magistrate judge. The magistrate judge addressed the May 1, 2008, letter, as construed, within her proposed findings and recommendation filed May 15, 2008, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On June 2, 2008, movant objected.

The magistrate judge recommends that the May 1, 2008, letter be denied as a successive section 2255 motion pursuant to section 2244(b)(3)(A) inasmuch as it was filed subsequent to the June 26, 2006, Judgment addressing movant's October 27, 2004, section 2255 motion. Movant contends that his May 1, 2008, letter is not properly construed as seeking relief pursuant to section 2255.

In his objections, movant further asserts that the February 7, 2006, findings and recommendation failed "to address claims Three, Six, Ten and eleven, . . . [meaning that he] could have obtained the relief he sought [in the May 1, 2008, letter] through Rule 60(b) of the Federal Rules of Civil Procedure." (Objec. at 3). Those claims were explicitly addressed by the February 7, 2006, findings and recommendation, which found each to be "driven by the Blakely and Booker decisions." (See F&R at 26-27). Movant now contends, however, that claim six at least

3

was not of the Blakely/Booker genre. He asserts further as follows:

> In light of these errors and circumstances the Movant submits that the district court should allow Movant to file for relief under Rule 60(b), vacate its judgment concerning Movant's section 2255 motion and permit Movant thirty (30) days in which to submit a memorandum of law concerning said Section 2255 motion.

(Id. at 9). Movant notes also that he was not given a copy of the June 26, 2006, Judgment and accompanying memorandum opinion at the time of its entry.

On July 14, 2008, movant submitted his "PRO SE MEMORANDUM OF LAW IN SUPPORT OF GROUND SIX, RAISED IN TITLE 28 U.S.C.S. 2255 MOTION TO VACATE/SET ASIDE OR CORRECT ILLEGAL SENTENCE" ("memorandum of law"). Accompanying the memorandum of law is a "PETITION" seeking leave to file the memorandum of law. In the "PETITION[,]" movant asserts that he is "seeking to have his Judgment & Commitment corrected, in part, by being permitted to present his argument concerning ground No. 6[.]" (PETITION at 2).

Inasmuch as movant has identified no basis for relief as to the remaining claims he asserts were not originally addressed by the magistrate judge in the February 7, 2006, findings and recommendation, the court ORDERS as follows:

4

1. That the PETITION be, and it hereby is, granted insofar as movant requests that he be permitted to file the memorandum of law attached to the PETITION and denied in all other respects;

2. That the May 1, 2008, letter be, and it hereby is, construed not as a second section 2255 motion but rather as a motion seeking relief pursuant to Rule 60(b) ("Rule 60(b) motion"); and

3. That the memorandum of law be, and it hereby is, treated as the supporting legal authorities for the Rule 60(b) motion.

Moving to the merits, movant contends in essence that (1) the offense conduct for Count One was 248 grams of cocaine, (2) no specific amount of cocaine is charged in Count One, (3) he was subject to sentencing under section 841(b)(1)(C), (4) but relevant conduct was used improperly "to subject . . . [him] to the mandatory minimum . . . found in 21 U.S.C.S. 841(b)(1)(B)" in violation of United States v. Estrada, 42 F.3d 228 (4th Cir. 1994). (Mov.'s Memo. of Law at 5).

5

In Estrada, it was "undisputed that both defense counsel and the Government were laboring under the conceded misconception that the quantity of drugs for which Estrada was accountable under the relevant conduct provisions of the sentencing guidelines triggered the application of the mandatory minimum sentence in § 841(b)."  Id. at 231.

The circumstances here are different.  The plea agreement reflects no mandatory minimum penalty respecting Count One.  The same is true of the presentence report, which specifically references section 841(b)(1)(C), and which mentions no mandatory minimum penalty.  (See PSR at 1, 12).  Neither the Judgment nor the accompanying statement of reasons suggest that movant received a statutory mandatory minimum sentence as to Count One.  (See, e.g., Stmt. of Reas. at 8 (stating "The sentence is within the guideline range . . . .").

Based upon the foregoing analysis, it is further ORDERED as follows:

1. That the movant's Rule 60(b) motion, be, and it hereby is, denied, and

2. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

ENTER: December 11, 2008

_____
John T. Copenhaver, Jr.
United States District Judge